## J. A. CROTWELL *vs.* JANE BOOZER AND OTHERS.

Real estate of decedent was sold by the Commissioner, in October, 1868, under a decree of the Court of Equity, made in April of the same year. The purchaser complied with the terms of sale, and, after a report of the sale was made, but before its confirmation, he applied for an attachment against the widow of decedent, who was a party defendant, and who was in possession of the premises sold, to compel her to surrender the possession to him : *Held,* That attachment could not issue before confirmation of the report.

The widow's ground for refusing to surrender the possession was, that she claimed a homestead in the premises, under military orders and the Constitution of 1868; and the Chancellor who made the decree for sale had refused, at the time he made it, to decide whether the widow was entitled to a homestead, holding that, under the terms of the military order, that question could only be determined on the coming in of the report of sale : *Held,* That the proper time to determine that question was when the report came up for confirmation.

Appeal sustained upon a ground not formally taken by appellant, but substantially appearing in the proceedings.

BEFORE JOHNSON, CH., AT CHAMBERS, NOVEMBER, 1868.

This was an appeal by Jane Boozer, a defendant, against an order for a writ of attachment for contempt.

To the statement of the case contained in the opinion of the Court, it is only deemed necessary to add that the decree for sale was made April, 1868; that the sale was on the 5th October, 1868, at the price of $2,040 ; and that the Commissioner, in his report, stated that the purchaser, James Y. Harris, had complied with the terms of sale.

*Fair,* for appellant.

*Baxter,* contra.

March 12, 1870. The opinion of the Court was delivered by

WILLARD, A. J. The complainant, as administrator of the estate of T. G. Boozer, deceased, has filed his bill for the sale of the real estate of the intestate, and for an injunction. The defendant, the widow of the intestate, was made a party, and claimed a homestead out of the real estate of which sale was sought, under the provisions of a military order made by Gen. Sickles, while commanding the Second Military District, embracing the State of South Carolina. Upon the hearing, the Chancellor decreed a sale of the premises in question, holding that the claim of the defendant to a homestead could not, under the terms of the military order, be determined, except upon the coming in of the report of the officer who is required to make the sale. The premises were ac-

cordingly sol'd, and the report of sale made, bearing date October 10th, 1868. No notice is taken of the claim of the .defendant in this report.

It does not appear that any order was made confirming the sale; but, on the 17th day of October, 1868, notice was given to the defendant, Jane, to yield possession of the premises in question to the purchaser; and, on the 17th of November then next ensuing, an order to show cause was made why defendant should not be attached for contempt, in refusing to give possession to the purchaser. In answer to this order to show cause, defendant interposed, among other matters, her claim to be allowed a homestead, both under the military order in question, and under the provision of the Constitution of the State adopted subsequently to the hearing of the case. The defence was overruled, and an attachment ordered to issue, unless she relinquished possession by a day fixed for that purpose.

From this order the defendant, Jane Boozer, now appeals. The proper time for determining the right of the defendant to a homestead, under the decree in the cause, was on the motion to confirm the sale upon the coming in of the report of sale. It does not appear that an order of confirmation was made. Under the circumstances of the case, we cannot assume that such an order was made, for it would be equivalent to assuming that the Chancellor had determined her right to a homestead against her, upon an order not brought before us by appeal, and she would thus be excluded from all right to submit her claims to this Court.

Until the sale was confirmed, an attachment could not issue for failing to surrender the premises. The defendant's answer to the order to show cause, and her grounds of appeal, do not artificially present this objection to the order of attachment; but they, at all events, bring to notice the undetermined claims of the defendant as an obstacle to the issuing of the attachment. This, under the liberal construction we are bound to allow to the statement of her claims, is a substantial, if not a formal, compliance with the conditions entitling her to a hearing in this Court.

The order of attachment must be set aside, and the case remanded to the Circuit Court, with liberty to the complainant to move for a confirmation of the sale; upon which motion the defendant, Jane Boozer, will be entitled to be heard as to her claims for a homestead exemption.

*Moses,* C. J., concurred.